IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 03-60053-HO |
| Plaintiff, | ORDER |
| v. | |
| JOSHUA GUNNER JOHNSON, | |
| Defendant. | |

Defendant filed an amended motion to vacate, set aside or correct his federal sentence. The motion is untimely. To the extent it may be deemed timely, defendant is not entitled to relief on the merits. The motion is therefore denied.

## Discussion

Defendant concedes that he filed his motion more than one year after his conviction became final. He simultaneously argues that he is entitled to the benefit of equitable tolling of the one-year limitations period, and that he timely filed his motion

within one year of the date the Supreme Court decided <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), first recognizing the right he now asserts. The limitations period did not commence on the date of the <u>Blakely</u> decision, because the decision does not apply retroactively to collateral proceedings. <u>Schardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005); 28 U.S.C. § 2255. Defendant states in his affidavit, "I was unable to file a 2255 because the forms were not available at this state facility," and that he had to contact the Federal Public Defender to have the proper forms sent to that facility. Def's ex. 2. The affidavit does not establish that extraordinary circumstances beyond defendant's control made it impossible to file the motion within one year of the date the judgment of conviction became final. See <u>United States v. Battles</u>, 362 F.3d 1195, 1196 (9th Cir. 2004).

Even if defendant were entitled to have the limitations period tolled, he is not entitled to relief on the merits. Defendant contends he was not convicted of two serious drug offenses within the meaning of 18 U.S.C. § 924(e)(2). A serious drug offense means an offense under state law involving delivering a controlled substance "for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). Defendant concedes he had two Oregon state court convictions for delivery of marijuana for consideration, a class B felony punishable by a maximum term of

2 - ORDER

imprisonment of ten years. Or. Rev. Stat. §§ 161.605(2), 475.992(2)(a) (1999). Defendant nevertheless contends that these convictions are not serious drug offenses because he was precluded from receiving a ten-year sentence for either conviction under Oregon's sentencing guidelines. The court determines the maximum sentence of the state law convictions by reference to the statute defining the offenses, not by reference to sentencing guidelines or the sentence actually imposed. See <u>United States v. Murillo</u>, 422 F.3d 1152, 1153 (9th Cir. 2005).

To the extent trial counsel failed to anticipate the <u>Blakely</u> decision, counsel did not thereby provide objectively unreasonable representation.

### Conclusion

Based on the foregoing, defendant's amended motion to vacate, set aside or correct sentence [#56] is denied. Defendant's motion to vacate, set aside or correct sentence [#37] is denied as moot.

IT IS SO ORDERED.

DATED this 16th day of October, 2006.

_Michael R. Hogan_
United States District Judge

3 - ORDER